T.C. Summary Opinion 2006-169


UNITED STATES TAX COURT


THOMAS J. SWEENEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6331-05S.              Filed October 19, 2006.


Thomas J. Sweeney, pro se.

Robert W. Dillard, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency of $1,681 in petitioner's Federal income tax for 2002.

The sole issue for decision is whether petitioner, under section 1366, is required to include as income on his 2002 Federal income tax return his proportionate share of undistributed income from an S corporation in which he was a shareholder with his former wife.[2]

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioner's legal residence was Seminole, Florida, at the time the petition was filed.[3]

Petitioner was married to Cheryl L. Sweeney during the year at issue. During the year 2000, petitioner and his wife incorporated Lake Vista Billing Services, Inc. Petitioner was the registered agent for the corporation; his wife was the president, and petitioner was vice president and a stockholder. The stated purpose for the corporation was "medical billing for

---

[2]At trial, petitioner conceded the following adjustments in the notice of deficiency: (1) Disallowance of a dependency exemption deduction for a child; (2) disallowance of a child and dependent care credit under sec. 21(a)(1); (3) disallowance of the child tax credit under sec. 24; and (4) a computational disallowance of miscellaneous itemized deductions.

[3]Under sec. 7491(a), where a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer, the burden of proof shifts to the Commissioner. There are no factual issues in this case. The sole issue is a question of law; consequently, this case is decided without regard to the burden of proof.

physicians' practices". Petitioner and his spouse each owned 50 percent of the corporation.

The activity of the corporation was simply collection of fees charged by doctors to their patients for medical services. Petitioner's spouse performed all the activities of the corporation by visiting doctors' offices weekly, picking up their billing invoices, collecting payment of these invoices from primary and secondary insurers, and collecting directly from each patient the portions not covered by insurance. Petitioner was not involved in this activity. Petitioner was employed as an insurance instructor for an unrelated employer.

There is no evidence in the record as to the corporation's business activity for the years 2000 and 2001. However, for the year 2002 (the year at issue in this case), a Form 1120S, U.S. Income Tax Return for an S Corporation, was filed. On that return, the corporation's taxable income was $18,627. The return reflected issuance to the shareholders of the corporation Schedules K-1, Shareholder's Share of Income, Credits, Deductions, etc. Although a copy of the Schedule K-1 issued to petitioner was not offered into evidence at trial, respondent's official records were offered into evidence, which reflected a Schedule K-1 for petitioner in the amount of $9,314, which is one-half of the corporation's net income of $18,627, rounded. On

his Federal income tax return for 2002, petitioner did not include any income from the corporation.

Petitioner and his spouse each filed Federal income tax returns for 2002 as married filing separately. Respondent's records reflect that petitioner's spouse reported on her return $9,314, or one-half of the taxable income of the S corporation. In the notice of deficiency, respondent determined a deficiency against petitioner for the unreported $9,314 in flow-through income from Lake Vista Billing Services, Inc.

Petitioner contends he never received any of the proceeds of the corporation's profitable activity for the year at issue. He and his wife had serious problems between them during the year, which he described at trial as follows:

> This is my whole argument, Your Honor. During the second week of January 2002, my wife proceeded to throw me out of my home, which is where the business was located. She changed the locks. She stripped our corporate bank accounts, our personal bank accounts, charged up all the cash she could on my credit cards to over $50,000, $60,000, and she physically, lock, stock, and barrel, locked me out of the corporation.

Although petitioner engaged the services of an attorney in connection with his marital problems, no evidence was offered to show what was resolved between petitioner and his wife regarding the corporation. The notice of deficiency was ultimately issued to petitioner in which a deficiency was determined based on the inclusion in income of petitioner's share of the S corporation's

income for the year 2002, pursuant to the information return filed by the corporation for that year.

Section 1362(a) allows a small business corporation to elect to be governed by the provisions of subchapter S for its taxable years. Such an election allows the income, expenses, and credits of the corporation to flow through to the corporation's shareholders. Sec. 1366(a). As required by section 1362(a), the election must be made by all shareholders, and the election is effective and continues for all succeeding taxable years unless terminated under section 1362(d). Such an election was made in this case, and there was no termination of that election as to the year at issue.

Petitioner did not include on his 2002 Federal income tax return his distributive share of the taxable income reported by the corporation as an S corporation for that year. Although it is obvious to the Court that petitioner and his spouse had serious differences between them, this Court is not the proper forum for the resolution of these differences. All formalities of the Internal Revenue Code were followed with respect to the S corporation for the year 2002, and the distributive share of that income to petitioner constitutes taxable income to him. The Court, therefore, sustains respondent.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>